IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 108-168-2 |
| | * | |
| DARRYL ERNEST KIRKLAND, JR. | * | |

# O R D E R

On June 24, 2016, while on supervised release, Defendant Darryl Ernest Kirkland, Jr. was arrested and charged with the offense of felony possession of oxycodone with intent to distribute by the state authorities. This was a violation of a mandatory condition of Defendant's supervised release. Accordingly, a warrant was issued for his arrest. Because Defendant was already in state custody, a federal detainer was lodged against him.

Defendant was sentenced and served time in state custody on the felony possession charge. He was then released to federal custody to answer the petition for revocation of his supervised release. On September 25, 2018, Defendant's term of supervised release was revoked, and he was sentenced to a term of imprisonment of 30 months.

At present, Defendant has filed a pro se "Motion for Clarification," essentially asking the Court to credit the time he served in state custody on the felony possession charge against his federal sentence.

The time served in state custody on the felony possession charge is separate and distinct from the time Defendant was sentenced to serve for violating the conditions of his supervised release. They are two separate sentences for two separate offenses.

Moreover, matters of credit for time served and other length of sentence determinations are better directed to the federal Bureau of Prisons ("BOP") and not this Court. Indeed, the BOP has the power to designate the housing state facility *nunc pro tunc* as the place of federal confinement so that a defendant may gain credit against a federal sentence for the time served in the state facility. However, this is a decision within the discretion of the BOP.

Moreover, any judicial challenge to the BOP's decision must be brought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court. <u>Fernandez v. United States</u>, 941 F.2d 1488, 1495 (11th Cir. 1991); <u>see also</u> <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). Accordingly, once Defendant exhausts his administrative remedies with the BOP, he must bring his § 2241 challenge in the District of South Carolina, which has territorial jurisdiction over the facility in which Defendant is presently incarcerated.

Upon the foregoing, Defendant's motion for clarification (doc. 532) is hereby **DENIED**. The Clerk is directed to serve a copy of this Order upon Defendant.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of July, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA